Hon. JAMES BARRETT,
Hon. LOYAL C. KELLOGG,
Hon. WILLIAM C. WILSON,
Hon. BENJAMIN H. STEELE.
} ASSISTANT JUDGES.

---

### LEMUEL S. DREW *v.* CHARLES H. POTTER.

#### *Malicious Prosecution. Declaration. Pleading.*

The essential ground of the action on the case for a malicious prosecution is the institution of proceedings against the plaintiff in some court of law, and without probable cause.

That a legal prosecution has been commenced should appear affirmatively in the declaration.

An averment of a charge and an arrest upon the charge and an acquittal after ten days imprisonment without any mention of any court, justice or prosecuting officer, any process, precept or warrant, and without profert of the record of any judicial tribunal, does not amount to an averment of a prosecution or judicial proceeding, and a declaration in case for a malicious prosecution containing no more is insufficient.

Drew *v.* Potter.

The precedent for a second count given in 2 Chit. Pl. 611 is *held* defective in substance.

To make his pleading concise, simple and accurate, the pleader should allege with clearness and certainty all that is material, and should omit to allege any thing else.

THIS was an action on the case for malicious prosecution. The defendant demurred to the declaration, assigning twelve causes of demurrer. The case was heard at the September Term, 1866, PIERPOINT, Ch. J., presiding. The court *pro forma* sustained the demurrer, and adjudged the declaration insufficient, and rendered judgment for the defendant, to which the plaintiff excepted.

Declaration : "In a plea of trespass on the case, for that the " said defendant contriving and maliciously intending to injure the " said plaintiff, in his good name, fame and credit, and to bring him " into public scandal, infamy and disgrace, and to cause the said " plaintiff to be imprisoned for a long space of time, and thereby to " impoverish, oppress and wholly ruin him; heretofore, to wit : on " the 17th day of March, A. D. 1862, at Dunham, in the Province " of Canada, to wit : at said Burlington, falsely and maliciously, and " without any reasonable or probable cause whatsoever, charged the " said plaintiff with having committed a certain offence, punishable " by the law of the said Province of Canada, to wit : the offence of " kidnapping, and, upon such charge, he, the said defendant, then " and there, to wit : on the day and year aforesaid, at Dunham afore- " said, to wit : at said Burlington, falsely and maliciously caused " and procured the said plaintiff to be arrested by his body, and to " be imprisoned, and to be kept and detained in prison for a long " space of time, to wit : for the space of ten days then next follow- " ing, and at the expiration of which said time, he, the said plaintiff, " was duly discharged and fully acquitted of the said offence, to wit : " at Dunham aforesaid ; by means of which, said several premises, " he, the said plaintiff, hath been, and is, greatly injured in his said " credit and reputation, and brought into public scandal, infamy and " disgrace with, and amongst all his neighbors, and other good and " worthy citizens, and divers of those neighbors and citizens, to whom " his innocence, in the premises, was unknown, have, on occasion of " the premises, suspected and believed, and still do suspect and believe, " that the said plaintiff hath been, and is, guilty of the said offence ; " and also, the said plaintiff hath, by means of the premises, suffered " great anxiety and pain of body and mind, and hath been forced " and obliged to lay out and expend, and hath laid out and expended, " divers large sums of money, to wit : the sum of $500., in and " about the procuring his discharge from the said imprisonment, and " defending of himself in the premises, and the manifestation of his

" innocence in that behalf, and hath been greatly hindered and pre-
" vented, by reason of the premises, from following and transacting
" his lawful and necessary affairs and business, for a long time, to
" wit: for the space of two months; and also, by reason of and by
" means of the said premises, the said plaintiff hath been and is
" otherwise greatly injured in his credit and circumstances, to wit:
" at Burlington aforesaid."

*Hard and Shaw*, for the plaintiff.

*Jeremiah French*, for the defendant, maintained that the declara-
tion, if it sets forth *any* cause of action, is in *case* for a milicious
prosecution, and cited to show the degree of certainty required,
Gould's Pl. 181; 1 Chitty's Pl. 255, 237; and to show for what the
action for a malicious prosecution lies, 3 Blackstone's Com. 126; 2
Bouvier's Law Dic. 98; *Bodwell* v. *Osgood*, 3 Pick. 379; and in
support of the demurrer cited, 1 Am. Lead. Cases, 217, 229; *Bodwell*
v. *Osgood*, 3 Pick. 379; *Bixby* v. *Brundige*, 2 Gray, 129; *Brave-
boy* v. *Cockfield*, 2 McNeal, 270; 3 Blackf. 211; *Frierson* v. *Hewitt*,
2 Hill, 499; 1 Hilliard on Torts, 455; *Elkinton* v. *Deacon*, 1 Penn.
160; *Jones* v. *Oliver*, *ib.* 1033; cited in 3 U. S. Dig. 5, §§ 89, 90;
*Payne* v. *Wilkes*, 3 McCord, 461; 2 Penn. 183; cited in 3 U. S.
Dig. 5, § 90.

The opinion of the court was delivered by

STEELE, J. The declaration is defective in substance. It was
meant to be a declaration in case for a malicious prosecution, but it
contains no averment that there was any prosecution, and does not
allege facts which amount to a prosecution. The plaintiff alleges
that the defendant charged him with an offence punishable by law,
but does not aver that the charge was made before any court, jus-
tice or prosecuting authority. The declaration alleges that the
defendant procured the plaintiff to be arrested and imprisoned upon
*this charge*, not upon a warrant or other precept of any court. The
charge if before any officer may have been before some military
officer, as a provost marshall, and the arrest may have been made by
a sergeant, with a file of soldiers, and without any process of law

whatever. A charge and an arrest do not amount to a prosecution. This action lies only when a legal prosecution, a judicial proceeding, has been miliciously, and without probable cause, instituted against the plaintiff, and has been terminated in the plaintiff's favor. 1 Am. Lead. Cases. 211 *et passim,* and cases cited. That such a proceeding has been instituted does not appear from this declaration, even argumentatively, much less affirmatively and sufficiently. The averment of discharge and acquittal, after ten days' imprisonment, is entirely consistent with an arrest without warrant, an imprisonment without process, and an examination before some other than a judicial tribunal. No mention being made in any part of the declaration of any process, precept, trial, court, justice, or officer of the law, and no profert being made of the record of any judicial tribunal, we are without means from which even to infer that the plaintiff claims to have been prosecuted in a court of law. As the institution of such a prosecution, "without probable cause," is the essential ground of the action, the declaration is fundamentally defective. The declaration cannot be upheld by treating it as setting up an arbitrary arrest or imprisonment without process, for beside other reasons, trespass, and not case, is the remedy for such a tort.

This declaration is from a precedent in Chitty's Pleadings, but the precedent is given only as a second count, and the author hung a lantern over the pit by suggesting that its sufficiency was questionable ; 2 Chit. Pl. (Ed. of 1840) p. [611,] and note *d.* It is urged that if this count was thought in Mr. Chitty's day to be only possibly insufficient, it ought by this time to be good. It is true that of late those rules of pleading which are merely artificial have been less favored than formerly, but this tendency has been, or should have been, not towards loose pleading, but towards that conciseness, simplicity and accuracy of pleading which consists in the clear and certain allegation of all that is material, and the omission to allege any thing else.

The judgment that the declaration is insufficient is affirmed.

On motion the judgment was reversed, *pro forma,* and the case remanded, that the plaintiff might amend by filing new counts, on terms that he pay the costs pending the demurrer.